UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENISE D DEES, <br><br> Plaintiff, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, <br><br> Defendant. | CASE NO. C12-0483JLR <br><br> ORDER DENYING MOTION TO BIFURCATE AND STAY DISCOVERY |

## I.   INTRODUCTION

Before the court is Defendant Allstate Insurance Company's ("Allstate") motion to bifurcate and stay discovery. (Mot. (Dkt. # 8).) Specifically, Allstate asks to bifurcate Plaintiff Denise D. Dees's contractual claims from her "extra-contractual" claims. (*Id.* at 1.) Allstate further seeks to stay discovery on the "extra-contractual" claims until following a determination on the merits of Ms. Dees's breach of contract claim. (*Id.*) The court DENIES Allstate's motion.

ORDER- 1

## II. BACKGROUND

Allstate provided Underinsured Motorist (UIM) and Personal Injury Protection (PIP) automobile insurance coverage to Ms. Dees.  This case arises from a dispute concerning that coverage.  Ms. Dees filed her complaint on March 1, 2012, asserting a cause of action for breach of contract based on the claim that Allstate breached its obligations under the UIM and PIP coverage provided.  (Not. of Removal (Dkt. # 1) Ex. A (Compl.).)  Ms. Dees also asserted various "extra-contractual" claims, including causes of action for common law bad faith, violation of the Consumer Protection Act, and violation of the Insurance Fair Conduct Act.  (*Id.*)

On July 26, 2012, Allstate filed a motion to bifurcate Ms. Dees's breach of contract claims from her "extra-contractual" claims.  Allstate argues that whether it had any contractual obligation to provide coverage or make payments up to its policy limits to Ms. Dees should be resolved first, in a separate trial, because it is a possibly dispositive issue that may preclude the "non-contractual" claims from proceeding.  (Mot. at 1.)  Furthermore, Allstate claims that the two categories of issues will have different sets of discovery materials and witnesses and that splitting the two into different trials would be more cost effective and expedient on both parties' behalves.  (*Id.*)

## III. ANALYSIS

Federal Rule of Civil Procedure 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b).  The decision to bifurcate is committed to the sound discretion of the trial

court. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). The Ninth Circuit has stated that a district court's decision declining to bifurcate comports with normal trial procedure. *Id*. Where an overlap of factual issues exists between the claims, courts are reluctant to bifurcate the proceedings. *McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 861, 871 (7th Cir. 1994).

If a single issue could be dispositive of the case or is likely to lead the parties to negotiate a settlement, and resolution of it might make it unnecessary to try the other issues in the litigation, separate trial of that issue may be desirable to save the time of the court and reduce the expenses of the parties. *See Allstate Ins. Co. v. Breeden*, 410 F. App'x 6, 9 (9th Cir. 2010). If, however, the preliminary and separate trial of an issue will involve extensive proof and substantially the same facts or witnesses as the other issues in the cases, or if any saving in time and expense is wholly speculative, the motion should be denied. *See Datel Holdins LTD. v. Microsoft Corp.*, C-09-05535 EDL, 2010 WL 3910344, 2-5 (N.D. Cal. Oct. 4, 2010).

Numerous courts have recognized substantial overlap between the issues of coverage and bad faith, such that bifurcation of the issues would be inappropriate. *Bloxham v. Mountain W. Farm Bureau Mut. Ins. Co.*, 43 F. Supp. 2d 1121, 1129 (D.Mont.,1999); s*ee also Tharpe v. Ill. Nat. Ins. Co.*, 199 F.R.D. 213, 214 (W.D.Ky. 2001); *Light v. Allstate Ins. Co.*, 182 F.R.D. 210, 213 (S.D.W.Va., 1998). In addition, this court regularly hears insurance cases that involve both breach of contract claims and "extra-contractual" claims regarding the insurer's failure to follow insurance regulations or act in good faith. *See Tilden-Coil Constructors, Inc. v. Landmark Am. Ins. Co.*, 721 F.

Supp. 2d 1007 (W.D. Wash. 2010); *Hovenkotter v. SAFECO Ins. Co. of Illinois,* C09-0218JLR, 2010 WL 3984828 (W.D. Wash. Oct. 11, 2010); *JACO Envtl., Inc. v. Am. Int'l Specialty Lines Ins. Co.*, C09-0145JLR, 2010 WL 415067 (W.D. Wash. Jan. 26, 2010). There is nothing in the complaint or the motion for bifurcation that would compel the court to treat this case any differently.

## IV. CONCLUSION

The court has considered Allstate's motion, but does not find that bifurcation of the trial in this matter would promote judicial economy because there is significant factual overlap between the contractual and "non-contractual" claims. In keeping with the normal trial procedures of the Ninth Circuit, the court DENIES Allstate's motion to bifurcate the trial and stay discovery (Dkt. # 8).

Dated this 5th day of September, 2012.

JAMES L. ROBART
United States District Judge