UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENISE D. DEES,<br><br>          Plaintiff,<br><br>     v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>          Defendant. | CASE NO. C12-0483JLR<br><br>ORDER ON MOTION TO COMPEL |

## I.    INTRODUCTION

This matter comes before the court on Plaintiff Denise Dees' Motion to Compel 30(b)(6) Witness.  (Mot. (Dkt. # 12).)  The parties have been unable to agree on the scope of discoverable information for an upcoming Federal Rule of Civil Procedure 30(b)(6) deposition.  Plaintiff Ms. Dees has identified five topics she intends to explore in the deposition, but Defendant Allstate Insurance Company ("Allstate") objects that the topics are overbroad and would include irrelevant information.  The court holds that all five

ORDER- 1

topics identified by Ms. Dees include relevant, discoverable information and are therefore appropriate topics for deposition. Accordingly, the court GRANTS Ms. Dees' motion.

## II.   ANALYSIS

Generally, the scope of discovery is broad and parties must respond to any request that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). This principle is to be liberally construed so as to provide litigants with the information essential to resolving disputed facts in an expeditious manner. *See Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993).

Here, Ms. Dees asks to explore five topics at her Rule 30(b)(6) deposition, all of which relate directly to her theory of the case and to the facts needed to establish Allstate's liability. The five topics are:

1. Allstate training regarding PIP claims including, but not limited to intake, processing, communications with insureds, examiners and healthcare providers, and evaluation;
2. Allstate training regarding UIM claims including, but not limited to intake, processing, communications with insureds, examiners and healthcare providers, and evaluation;
3. Evaluation of Dees PIP and UIM claims using the Colossus program;
4. Evaluation of PIP and UIM claims in Washington State using the Colossus program and in general; and
5. Allstate's selection of medical examiners and/or companies that provide medical examiners, particularly in the time frame of 2004-2011.

(Decl. of Sarah Lee (Dkt. # 13-1) Ex. 1 at 4.)

These topics are relevant to this case because Ms. Dees intends to argue that her claims were handled in a non-standard manner that defied not only ordinary standards of conduct in insurance matters, but also Allstate's own internal training and policies. At a minimum, this information is relevant to Ms. Dees' claims for bad faith and violation of

the Insurance Fair Conduct Act ("IFCA").  In particular, requests with regard to the computer program "Colossus" are relevant because Plaintiff intends to argue that the Colossus program was the root cause of why her claim was allegedly mishandled. Further, topic 5 is relevant because the central issue in dispute is whether Ms. Dees is entitled to more payments for medical benefits, and Allstate allegedly denied Ms. Dees' claims in the first place on the advice of its medical examiners.

As such, the court GRANTS the motion to compel and ORDERS Allstate to be prepared to answer questions on topics 1-5.  Further, pursuant to Plaintiff's request, the court ORDERS Allstate to produce witnesses in accordance with the requirements of Rule 30(b)(6).  That is, Allstate must produce witnesses able to respond to questions about both kinds of coverage at issue in this dispute (both "PIP" and "UIM") because both of these are relevant to Plaintiff's claims.

Finally, the court awards reasonable expenses to Ms. Dees in connection with filing this motion.  Under Federal Rule of Civil Procedure 37(a)(5)(A), the court must award to a prevailing movant reasonable expenses incurred in making a discovery motion unless (1) the opposing party's non-disclosure, response, or objection was substantially justified; (2) the movant filed the motion before attempting in good faith to obtain the disclosure without court action; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).  Ms. Dees is the prevailing party on this motion, and the court finds that Allstate's objections to Ms. Dees' deposition topics were not substantially justified.  The topics are plainly discoverable, and Allstate should have recognized this.  Further, Ms. Dees attempted to resolve this without court action, and no

other circumstances exist that would make an award of expenses unjust.  Therefore, the court awards fees in the amount of 10 hours at a rate of $275 per hour for a total award of $2750.

### III.   CONCLUSION

Based on the foregoing, the court GRANTS Ms. Dees' motion to compel regarding the pending Rule 30(b)(6) deposition (Dkt. # 12) and ORDERS Defendant Allstate to pay Ms. Dees reasonable expenses in bringing the motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

Dated this 7th day of January, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 4