UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENISE D. DEES,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C12-0483JLR<br><br>ORDER DENYING MOTION FOR DISCLOSURE OF REDACTED PORTIONS OF CLAIM DIARY |

Before the court is Plaintiff Denise Dees's motion for *in camera* review of the redacted portions of Defendant Allstate Insurance Company's ("Allstate") claim diary of Ms. Dees's personal injury protection ("PIP") and underinsured motorist ("UIM") claims. (Mot. (Dkt. # 32).) Ms. Dees contends that the redacted portions of the claim diary are

ORDER- 1

not protected by the attorney-client privilege or the work product doctrine and asks the court to order disclosure of the redacted portions.[1]

During the February 14, 2013 hearing, Allstate provided the court with an un-redacted version of the claim diary. The court has reviewed the materials provided by Allstate and used Docket Number 33-1 to determine what portions of the claim diary Allstate redacted. The court finds that the portions redacted by Allstate were privileged from disclosure under either the attorney-client privilege or the work product doctrine. Specifically, the redacted portions relate to Allstate's response to threatened bad-faith litigation on the part of Ms. Dees and not to coverage or the handling of Ms. Dees's PIP and UIM claims. Accordingly, the court DENIES Ms. Dees's motion (Dkt. # 32) to order disclosure of the redacted portions of the claim diary.

Dated this 14th day of February, 2013.

JAMES L. ROBART
United States District Judge

---

[1] The redacted version of the claim diary is found in the docket at entry number 33-1.

ORDER- 2